| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) |
| Jeremy S. Williams | ) COMPLAINT |
| Plaintiff(s), | ) (JURY TRIAL REQUESTED) |
| vs. | ) |
| | ) DOCKET #: 2016-CP-40- |
| Colonial Family Practice | ) |
| Defendant(s). | ) |

The Plaintiff, complaining of the Defendants, would respectfully show onto this Honorable Court:

### THE PARTIES

1. The Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2. The Defendant, Colonial Family Practice, upon information and belief, is a corporate entity that operates a private medical and business office in the County of Richland, State of South Carolina. Colonial Family Practice is a proper defendant for claims brought pursuant to Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

3. The action complained of occurred within Richland County, South Carolina, and thus this Court has proper jurisdiction and venue over this matter.

4. The Plaintiff timely filed complaints alleging sexual discrimination and harassment with the South Carolina Human Affairs Commission. Following a proper waiver from SCHAC to the U.S. Equal Employment Opportunity Commission, the Plaintiff received a Right to Sue letter from the U.S. EEOC dated November 16, 2015. Plaintiff has filed the instant suit within 90 days of the date he received the EEOC Right to Sue letter.

1

## FOR A FIRST CAUSE OF ACTION

*(Sexual Discrimination)*

5. Beginning in July of 2013, Plaintiff was hired as a Lab Technician for Colonial Family Practice.

6. From July of 2013 through December of 2014, Plaintiff continued in this position, working at three separate locations of Colonial Family Practice, both within Richland County, South Carolina.

7. On December 8, 2014, Nina Ohlandt was hired as the new Lab Manager to supervise at all Colonial Family Practice Locations.

8. From July of 2013 to December 8, 2014, the Plaintiff had never been subject to any disciplinary warnings or actions regarding his work as a Lab Technician, nor received any complaints from patients, co-workers or supervisors.

9. Upon starting in her position of Lab Manager, Ms. Ohlandt hired an additional Lab Technician to work in the same location in the same position as the Plaintiff. This new hire was a female employee.

10. Almost immediately, Ms. Ohlandt began to treat Plaintiff in a disparate fashion from his female co-worker, constantly criticizing and critiquing his work while allowing his female counterpart to work with little to no supervision or interference. Additional examples of disparate treatment included:

    a. Allowing female co-worker to make-up or "flex" out time she had to take off without docking her pay or drawing from her leave time;

    b. Allowing female co-worker to have the choice of shifts available, and assigning less desirable shift to Plaintiff, although Plaintiff had seniority;

    c. Similar disparate treatment among male and female staff at the Sumter location where she also served as Lab Manager.

11. On January 20, 2015, the Plaintiff addressed his concerns with the Human Resources director, Deneane Martin, who advised the Plaintiff not to file a formal complaint because she feared he may be retaliated against. She instead suggested that the Plaintiff find additional co-workers to file complaints with him rather than do so alone.

12. Colonial Family Practice took no remedial actions against Ms. Ohlandt or any actions to protect Plaintiff.

13. Instead, Plaintiff continued to suffer harassment and unfounded criticism from Ms. Ohlandt, and was eventually terminated after reporting her behavior to Human Resources.

14. Plaintiff took appropriate action by placing Defendant on notice about the disparate treatment based on his sex. Defendant failed to take appropriate, prompt, and adequate measures to stop or prevent the sex discrimination and instead retaliated against her.

15. Plaintiff has suffered injuries from Defendant's actions including emotional distress, lost wages, and lost income and is entitled to all recoverable damages under Title VII.

## FOR A SECOND CAUSE OF ACTION

*(Retaliation)*

16. Each and every allegation stated above is restated as if repeated herein.

17. Upon information and belief, Defendant took detrimental employment actions against Plaintiff because he reported the sex discrimination and violations of Title VII, including eventual termination of employment.

18. Upon information and belief, Defendant's actions violate the anti-retaliation provisions of Title VII.

3

19. Plaintiff has suffered injuries from Defendant's actions including emotional distress, lost wages, and lost income and is entitled to all recoverable damages allowed under Title VII.

WHEREFORE, the Plaintiff prays the Court to return a verdict in his favor with actual, statutory and punitive damages as a jury finds appropriate; for the costs and attorneys fees of this action; and for such further relief as this Court deems just.

Columbia, South Carolina
11th day of February, 2016.

*Raia J. Hirsch*
Raia Jane Hirsch, Attorney at Law
1720 Main Street, Suite 301
Columbia, South Carolina 29201
Ph. 929-0770 Fax: 799-4059
raia@rjhirschlaw.com


Vincent A. Sheheen
Savage, Royall & Sheheen, LLP
PO Drawer 10
Camden, South Carolina 29020
Ph. (803) 432-4391
vsheheen@thesavagefirm.com

ATTORNEYS FOR PLAINTIFF

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND ) Docket #: 2016-CP-40-
)
Jeremy S. Williams )
)
        Plaintiff(s), ) **SUMMONS**
) (Jury Trial Requested)
vs. )
)
Colonial Family Practice )
        Defendant(s). )
)

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer upon the attorney for the Plaintiff at her office, 1720 Main Street, Ste 301, Columbia, South Carolina 29201, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the Complaint within such time aforementioned, the Plaintiff will apply to the Court for the relief demanded in the Complaint and Judgment by default will be rendered against you for the relief demanded in the Complaint and an Order of Default will render against you for the relief so demanded in the Complaint.

                                                              _/s/ Raia Jane Hirsch_
                                                              Raia Jane Hirsch, Attorney at Law
                                                              1720 Main Street, Suite 301
                                                              Columbia, South Carolina 29201
                                                              Ph. 929-0770 Fax: 799-4059
                                                              raia@rjhirschlaw.com

                                                              ATTORNEY FOR PLAINTIFF

Columbia, South Carolina
11th day of February, 2016

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**  You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Jeremy S. Williams | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2016-CP-40-00908 |
| vs. | ) | |
| | ) | |
| Colonial Family Practice | ) | |
| Defendant(s) | ) | |

Submitted By: Raia Jane Hirsch, Attorney at Law
Address: 1720 Main Street, Suite 301, Columbia, SC 29201

SC Bar #: 80035
Telephone #: 803-929-0770
Fax #: 803-799-4059
Other:
E-mail: raia@rjhirschlaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case # 20___-CP-___-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☒ Other (699)
   Employment Discrimination
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

☐ Other (999)

Submitting Party Signature: /s/ Raia J. Hirsch   Date: February 11, 2016

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)   Page 1 of 2